STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION, AND COM-
MERCIAL COURIERS, INC. (APPLICANT) v. PONY EXPRESS COURIER
CORPORATION

No. 8110UC1086

(Filed 6 July 1982)

Carriers § 2.7— contract carrier for bank documents—granting of permit

Evidence that the protestant contract carrier was not as flexible as some
shippers required and that the applicant was most flexible and reliable sup-
ported a finding by the Utilities Commission that protestant's service did not
meet the needs of a number of shippers, and the Commission's findings sup-
ported its granting of a permit to the applicant to act as a contract carrier of
bank documents and other commercial papers within this State. G.S. 62-262(i);
N.C.U.C. Rule R2-15(b).

APPEAL by protestant from North Carolina Utilities Commis-
sion. Order entered 28 July 1981. Heard in the Court of Appeals
26 May 1982.

The protestant, Pony Express Couriers, appeals the Order of
the Utilities Commission which granted Commercial Couriers, the
applicant, an expanded contract carrier permit for operating
within the State in areas currently served by Pony Express
Couriers.

*Kimzey, Smith & McMillan, by James M. Kimzey, for protes-
tant appellant.*

*Boyce, Morgan, Mitchell, Burns & Smith, P.A., by F. Kent
Burns, for applicant appellee.*

BECTON, Judge.

On this appeal of an administrative agency decision, we must
determine the scope of appellate review based on the questions
presented by the parties. *Utilities Commission v. Oil Company,*
302 N.C. 14, 21, 273 S.E. 2d 232, 236 (1981). The arguments raised

by Pony Express are (1) whether the Commission found sufficient facts to support its conclusions; and (2) whether there was competent, material and substantial evidence to support the Commission's finding that supporting shippers had need for a specific type of service not otherwise available by existing means of transportation. These arguments require us to determine (1) whether there was an error of law, and (2) whether, under the whole record test, the decision was supported by competent, material and substantial evidence. *Savings and Loan League v. Credit Union Comm.*, 302 N.C. 458, 276 S.E. 2d 404 (1981); G.S. 150A-51.

We disagree with the arguments presented by Pony Express.

G.S. 62-262(i) provides that the following criteria should be considered in determining whether to grant a contract carrier permit:

If the application is for a permit, the Commission shall give due consideration to:

(1) Whether the proposed operations conform with the definition in this Chapter of a contract carrier,

(2) Whether the proposed operations will unreasonably impair the efficient public service of carriers operating under certificates, or rail carriers,

(3) Whether the proposed service will unreasonably impair the use of the highways by the general public,

(4) Whether the applicant is fit, willing and able to properly perform the service proposed as a contract carrier,

(5) Whether the proposed operations will be consistent with the public interest and the policy declared in this Chapter, and

(6) Other matters tending to qualify or disqualify the applicant for a permit.

In addition, the applicant must prove that "one or more shippers or passengers have a need for a specific type of service not otherwise available by existing means of transportation . . . ." N.C.U.C. Rule R2-15(b). *See also Utilities Commission v.*

*Petroleum Transportation, Inc.*, 2 N.C. App. 566, 163 S.E. 2d 526 (1968).

The Commission's findings of fact are set out below:

(1) Applicant, Commercial Couriers, Inc., is a North Carolina Corporation presently engaged, among other things, as a contract carrier of Group 21, bank documents, commercial papers, cash letters, etc., under bilateral contract with the Northwestern Bank within a radius of 105 miles of Winston-Salem. Its service has been good.

(2) Applicant maintains a fleet of equipment specially suitable for the transportation of the commodities involved in this Application and has trained personnel to service and operate this equipment.

(3) Applicant is financially solvent and is operating at a profit. Applicant also has an unlimited line of credit for purchase of vehicles and has additional credit available to it on an unsecured basis.

(4) Applicant has entered into bilateral contracts for the proposed service with the Northwestern Bank, the Bank of North Carolina, Central Carolina Bank and Central Service Corporation. The area covered by these contracts is generally throughout the State of North Carolina. Other shippers indicated a desire to use Applicant's service if it were authorized by the Commission.

(5) The proposed operations of Applicant conform with the definition of a contract carrier by motor vehicle; will not unreasonably impair the efficient service of any existing carriers; will not unreasonably impair the use of the highways by the general public; and the Applicant is fit, willing and able to perform the proposed service as a contract carrier.

(6) The proposed operation will be consistent with the public interest and policy declared in Chapter 62 of the General Statutes.

(7) The Protestant, Pony Express Courier Corporation, is as far as the particular commodities here involved, a contract carrier operating under a permit issued to it by the Commission; that its operations will not be unreasonably impaired by

the granting of the authority sought herein; that the service offered by Protestant to the witnesses who testified for Applicant did not meet the needs of those witnesses.

(8) The Applicant has on file with the Commission as required by its rules cargo and liability insurance, designation of its process agent and a schedule of minimum rates and charges.

(9) Applicant has met the burden of proof prescribed by Statute and the Application should be granted.

Our review of the Commission's findings of fact reveals that all of the factors required by G.S. 62-262(i) were considered and that the applicant made a showing that a number of shippers had need for a service currently not offered by existing carriers. In fact, these findings are more extensive than those found to be sufficient by this Court in *Utilities Comm. v. American Courier Corp.*, 8 N.C. App. 358, 174 S.E. 2d 814, *cert. denied,* 277 N.C. 117 (1970), and *Utilities Comm. v. American Courier Corp.*, 8 N.C. App. 367, 174 S.E. 2d 808, *cert. denied,* 277 N.C. 117 (1970). Consequently, we hold that the findings of fact are sufficient to support the Commission's conclusions of law.

We find no merit in the protestant's argument that there is no competent, material and substantial evidence to support the finding that its service did not meet the needs of the shippers. On review, we view the whole record to determine if the findings are based on competent, material and substantial evidence. *Utilities Comm. v. American Courier Corp.*

Several witnesses testified that Pony Express was not as flexible as their needs required and that Commercial Couriers was most flexible and reliable. The key difference between the service offered by Pony Express, which was generally described to be good, and the service offered by Commercial Couriers was that Commercial offered the flexibility the shippers needed. This flexibility is a service which obviously is not provided by Pony Express.

For the foregoing reasons the Order below is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (R. M.) concur.